IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-213-BO

| | |
|---|---|
| THOMAS EVERETTE, JR., <br><br> Plaintiff, <br><br> v. <br><br> REGINA W. PEELE, CREDIT SOLUTIONS, INC., KIM D. SAUNDER, HAROLD G. SELLARS, MECHANICS AND FARMERS BANK, by merger to MUTUAL COMMUNITY SAVINGS BANK, THOMAS W. KING, THE LAW OFFICE OF THOMAS W. KING, W. DUDLEY WHITLEY, III, A. SCOTT MCKELLAR, DAVID W. GREEN, BATTLE, WINSLOW, SCOTT & WILEY, P.A., LAWYER MUTUAL, CRYSTAL BROWN, URSULA SHORT, CAROL A. WHITE, EDGECOMBE COUNTY CLERK OF COURT, DENNIS A. COLEY, BRIAN T. COREY, IVORY JOHNSON, JAMES I. KNIGHT, EDGECOMBE COUNTY SHERIFF'S OFFICE, EDGECOMBE COUNTY ANIMAL CONTROL, EDGECOMBE COUNTY, JANET WATSON, WATSON PROPERTY CORPORATION, and B.C. EASON, JR., <br><br> Defendants. | **MEMORANDUM & RECOMMENDATION** |

This pro se case is before the court for frivolity review of Plaintiff Thomas Everette, Jr.'s complaint [DE #1] pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred to the undersigned by the Honorable Terrence W. Boyle,

United States District Judge. For the reasons stated below, Plaintiff's application to proceed in forma pauperis is allowed, and it is recommended that Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### I. Standard for Frivolity Review

Notwithstanding the determination that Plaintiff is entitled to *in forma pauperis* status, the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

Rule 8 of the *Federal Rules of Civil Procedure* requires a complaint to give a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff must offer more detail . . . than the bald statement that

2

he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001); *see also White*, 886 F.2d at 723 (affirming district court's dismissal of plaintiff's suit as frivolous where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion").

## II. Plaintiff's Claims

Plaintiff names the following twenty-six defendants in his complaint: (1) Credit Solutions, Inc. ("CSI"), (2) Regina W. Peele (chief lending officer of CSI), (3) Kim A. Saunder (president and chief executive officer of Mechanics and Farmers Bank), (4) Harold G. Sellar (senior vice president of Mechanics and Farmers Bank), (5) Mechanics and Farmers Bank, (6) Attorney Thomas W. King, (7) The Law Offices of Thomas W. King, (8) Attorney W. Dudley Whitley, (9) Attorney A. Scott McKellar, (10) Attorney David Green, (11) Battle, Winslow, Scott & Wiley, P.A., (12) Lawyers Mutual, (13) Crystal Brown, (14) Ursula Short, (15) Carol A. White, (16) Edgecombe County Clerk of Superior Court, (17) Sherriff's Deputy Dennis A. Coley, (18) Sherriff's Deputy Brian T. Corey, (19) Sherriff's Deputy Ivory Johnson, (20) Sherriff James Knight, (21) Edgecombe County Sherriff's Office, (22) Edgecombe County Animal Control, (23) Edgecombe County, (24) Janet Watson, (25) Watson Property Corporation, and (26) Magistrate B.C. Eason Jr.

Plaintiff purports to assert four causes of actions. He alleges (1) that all defendants have committed fraud and unfair and deceptive trade practices; (2) that the Edgecombe County Sherriff's Department and the officers employed therein violated 18 U.S.C. §§ 241 and 242; (3) that Magistrate B.C. Eason violated

3

Plaintiff's Eighth and Fourteenth Amendment rights; and (4) that all defendants were involved in a conspiracy to deprive Plaintiff of his property. Plaintiff seeks the following relief: (1) preliminary and permanent injunctions ordering Edgecombe County to expunge his criminal record; (2) "damages including but not limited to, compensatory damages, loss of past, present and future benefits, mental anguish, inconvenience, embarrassment, and all incidental damages allowed by law and equity"; (3) an order holding each defendant jointly and severally liable for damages in excess of $100,000; and (4) compensatory damages, punitive damages, and that "the cost of the suit be taxed to Defendants."

## A. Background

This case stems from foreclosure proceedings that took place from late 2009 to early 2010. In March 2006, Plaintiff took out a construction loan with CSI. Regina Peele was the chief lending officer that handled Plaintiff's loan. Plaintiff alleges CSI and Peele improperly withheld loan disbursements, which caused him to have to use other funds in order to build his house and led him to report them to the North Carolina Banking Commission. Peele accused Plaintiff of forging checks to pay the general contractor, which Plaintiff denies. The Banking Commission subsequently closed the matter.[1]

Plaintiff alleges that Peele and CSI instituted foreclosure proceedings against the property in retaliation for his complaint to the Banking Commission. According

---

[1] Plaintiff does not provide any additional information regarding the investigation or the reason why the matter was closed by the North Carolina Banking Commission.

to Plaintiff, defendants David Green and Battle, Winslow, Scott & Wiley, PA helped with the foreclosure process. Plaintiff claims he was not in default for his construction loan, and defendants knew of that fact.

Plaintiff goes on to explain that the state court found him in default on his payments of the principal and interest due on the construction loan. Plaintiff, however, maintains that default never occurred. He further states Peele is not licensed or authorized to make construction loans and she "obtained a personal line of credit which initially funded" Plaintiff's loan.

Plaintiff's property was sold at foreclosure on February 9, 2010 to defendant Mechanics and Farmers Bank. Plaintiff subsequently filed a lien against the foreclosed property for $1,000,000. Plaintiff alleges that attorneys David Green, W. Dudley Whitley, A. Scott McKellar, and Thomas W. King conspired to deprive Plaintiff of his property through their work as attorneys within the foreclosure process. He further asserts defendants Crystal Brown, Ursula Short, and Carol A. White, employees of the Edgecombe County Clerk's Office, conspired with the above-named attorneys by issuing an order to vacate the property.

Plaintiff asserts that on or about January 19, 2011 Deputies Dennis Coley, Brian Corey, and Ivory Johnson, as well as Janet Watson, and Edgecombe County Animal Control used unnecessary force to "kidnap" Plaintiff and remove him from the property. Plaintiff also maintains that they stole his two family dogs. Plaintiff makes his final claim against Magistrate B.C. Eason, Jr. stating Eason conspired with the above defendants by charging him with first degree trespass, resisting a

public officer, breaking and entering, and injury to real property. Plaintiff further alleges that Eason violated his Eighth and Fourteenth Amendment rights by detaining him in the Edgecombe County Jail under an "excessive" bail of $100,000.

### B. Conspiracy to Deprive of Property

By bringing a claim that defendants conspired to deprive him of his property, Plaintiff is essentially asking this court to review the foreclosure proceedings that occurred in state court. Under the *Rooker-Feldman* doctrine, a "party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). A litigant cannot circumvent a state-court decision "by instituting a federal action which, although not styled as an appeal, 'amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower court.'" *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (quoting *Plyler v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997)). The controlling question under the doctrine is whether "'in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual.'" *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997) (quoting *Ernst v. Child & Youth Servs.*, 108 F.3d 486, 491 (3d Cir. 1997)). If the answer is yes, the *Rooker-Feldman* doctrine is implicated. *Id.* "The doctrine applies not only to matters directly addressed by the state court, but also to 'claims which are 'inextricably intertwined' with state court decisions.'" *Smalley v. Shapiro &*

6

*Burson, LLP*, 526 F. App'x 231, 236 (4th Cir. 2013) (quoting *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 486-87 (1983)).

Although Plaintiff is not explicitly requesting that the court vacate or "undo" the state court's judgment of foreclosure, to grant relief on this claim would require a finding that the state court's judgment was in error. As such, this claim should be dismissed as barred by the *Rooker-Feldman* doctrine.

### C. Defendants to which no facts are alleged

Plaintiff names several defendants in the caption of the complaint and provides contact information for each; however, Plaintiff does not include factual allegations against them in the body of the complaint. In fact, Plaintiff does not name them at all in the body of the complaint. These defendants include: Kim D. Saunder, Harold G. Sellers, Lawyer Mutual, Edgecombe County Clerk of Court, Sheriff James Knight, and Watson Property Corporation. As there are no factual allegations included as to these defendants, Plaintiff's claims against these defendants should be dismissed as frivolous or for failure to state a claim.

### D. Magistrate Eason

Plaintiff claims that Magistrate Eason violated his Eighth and Fourteenth Amendment rights by detaining him in the Edgecombe County Jail and setting an "excessive bail" of $100,000. "As judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity." *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987). A judicial officer is liable to suit only in instances in which he acts in the "clear absence of all jurisdiction." *Id.* (citing *Stump v.*

7

*Sparkman*, 435 U.S. 349, 356-57 (1978)). The facts as alleged by Plaintiff demonstrate that Magistrate Eason did not act in absence of jurisdiction. Thus, his decision to detain Plaintiff under a $100,000 is subject to absolute immunity and Plaintiff's claims against Magistrate Eason should be dismissed.

### E. 18 U.S.C. §§ 241 and 242

Plaintiff alleges that Dennis Colely, Brian Corey, Ivory Johnson, and other sheriff's deputies working for the Edgecombe County Sherriff's Office violated 18 U.S.C. §§ 241 and 242 when they forcibly removed Plaintiff from his property. However, sections 241 and 242 are "criminal statutes and do not provide a civil remedy. *Yagoda v. Davis*, No. 7:11-CV-122-BO, 2011 WL 3911111, at 1* (E.D.N.C. Sept. 5, 2011); *see also Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. § 241-242 (the criminal analogue of 42 U.S.C. § 1983) . . . ."). Because no private, civil remedy is available under these two code sections, Plaintiff has failed to state a claim upon which relief can be granted and these claims should be dismissed.

### F. State Claims

Plaintiff's remaining claims allege that defendants committed fraud and violated the Unfair and Deceptive Trade Practices Act. Both of these claims are causes of action under North Carolina state law. As Plaintiff's federal claims fail, there is no federal jurisdiction to which these state claims may attach. *See* 28 U.S.C. § 1367 (stating a court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction").

8

Case 5:14-cv-00213-BO   Document 10   Filed 07/28/14   Page 8 of 9

Having considered principles of comity, convenience, fairness and judicial economy, the undersigned recommends that the court decline jurisdiction over the remaining claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988).

## CONCLUSION

For the reasons stated above, it is RECOMMENDED that Plaintiff's federal claims be DISMISSED as frivolous, for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted and that the court DECLINE to exercise supplemental jurisdiction over the remaining state-law claims.

The Clerk shall send a copy of this Memorandum and Recommendation to the pro se Plaintiff, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 28th day of July 2014.

*(signature)*
KIMBERLY A. SWANK
United States Magistrate Judge