IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CV-213-BO

| | |
|---|---|
| THOMAS EVERETTE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| REGINA W. PEELE, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Kimberly A. Swank [DE 10]. The Court ADOPTS the M&R.

## BACKGROUND

Plaintiff names 26 defendants in his complaint and purports to assert 4 causes of action. He alleges (1) that all defendants have committed fraud and unfair and deceptive trade practices; (2) that the Edgecombe Sherriff's Department and the officers employed therein violated 18 U.S.C. §§ 241 and 242; (3) that Magistrate B.C. Eason violated plaintiff's Eight and Fourteenth Amendment rights; and (4) that all defendants were involved in a conspiracy to deprive plaintiff of his property.

The case stems from foreclosure proceedings that took place from late 2009 to early 2010. The land foreclosed upon was that which plaintiff took out a construction loan on.

## DISCUSSION

A district court is required to review an M & R *de novo* if the plaintiff specifically objects to it or in cases of plain error. 28 U.S.C. § 636(b)(1)(B); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The district court is only required to make a *de novo* determination of those specific findings to which the plaintiff has actually objected. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Here, the plaintiff objects to Magistrate Judge Swank's M&R, but does so only in a conclusory fashion. He advances no argument other than to say that his complaint does actually state a claim upon which relief may be granted and therefore it would be improper to dismiss it. After careful consideration

1

of these objections the Court finds that Magistrate Judge Swank appropriately applied the facts of this case to the law and that her conclusions in the M&R are correct. Plaintiff can cite to no case showing otherwise. Accordingly, the Court ADOPTS the M&R and DISMISSES the case. Plaintiff's federal claims are dismissed as frivolous, for lack of subject matter jurisdiction, or for failure to state a claim upon which relief may be granted. Plaintiff presents no federal claims which are not subject to dismissal and the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

## CONCLUSION

The Court ADOPTS the Magistrate Judge's M & R [DE 10]. Plaintiff's complaint is DISMISSED. The clerk is directed to enter judgment accordingly and close the file.

SO ORDERED.

This the 3 day of October, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2

Case 5:14-cv-00213-BO   Document 13   Filed 10/03/14   Page 2 of 2